Filed 11/9/15  In re J.R. CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION FIVE

| | |
|---|---|
| In re J.R., a Person Coming Under the Juvenile Court Law. | B262786 (Los Angeles County Super. Ct. No. CK90594) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>J.R. (FATHER),<br><br>        Objector and Appellant. | |

APPEAL from the judgment and order of the Superior Court of Los Angeles County, Marguerite D. Downing, Judge.  Dismissed as moot.

Cristina Gabrielidis for Defendant and Appellant Father.

Office of the County Counsel, Mary C. Wickham, Interim County Counsel, Dawyn R. Harrison, Assistant County Counsel, Aileen Wong, Deputy County Counsel for Respondent.

INTRODUCTION

J.R. (father) appeals from the juvenile court's March 12, 2015 order denying his request under Welfare and Institutions Code section 388 to reinstate reunification services concerning the child J.R.[1] He contends the juvenile court abused its discretion. We dismiss the appeal as moot.

Subsequent to the order appealed from, the juvenile court terminated parental rights on July 30, 2015. (Minute order, (Super. Ct. LA. County, July 30, 2015, CK90594.)[2] Father did not appeal from the termination order. That order is now final and binding, leaving us no power to set it aside. (Cal. Rules of Court, rule 8.406(a) [unappealed orders become final in 60 days].) That means that, even were we to agree with father that the juvenile court abused its discretion, his parental rights cannot be restored. (*In re Jessica K.* (2000) 79 Cal.App.4th 1313, 1315.) Accordingly, the appeal is moot and must be dismissed.[3] (*In re Jessica K.* (2000) 79 Cal.App.4th 1313 [once a subsequent termination order is final, "[n]o effective relief may be afforded [the parent] even were we to find [the] appeal of the denial of the section 388 petition meritorious. Thus, the appeal is moot"].) (See also *Eye Dog Foundation v. State Board of Guide Dogs for the Blind* (1967) 67 Cal.2d 536, 541 ["""the duty of this court, as of every other judicial tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions . . .""

---

[1] All further statutory references are to the Welfare and Institutions Code, unless otherwise indicated.

[2] On October 27, 2015, we took judicial notice of the July 30, 2015 minute order. (Evid. Code, § 452, subd. (d).)

[3] We advised the parties it appeared the appeal was rendered moot by the subsequent final order terminating parental rights. In a supplemental letter brief, father contended we should reach the merits because we are not required to take judicial notice of a subsequent order and the denial of the section 388 petition might prejudice him if he ever had another child and that child became the subject of dependency proceedings. We are not persuaded by these contentions.

[Citation.]"]; *Carson Citizens for Reform v. Kawagoe* (2009) 178 Cal.App.4th 357, 364 ["'A case is moot when any ruling by this court can have no practical impact or provide the parties effectual relief.  [Citation.]'"].)

DISPOSITION

Dismissed as moot.


KIRSCHNER, J.*



We concur:



TURNER, P.J.


KRIEGLER, J.

---

*     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.